Mr. Justice Thacker
delivered the opinion of the court.
Allen Jenkins filed his bill of complaint in the vice-chancery court for the northern district, to set aside a contract of lease of land made by him with William W. Whitehead, to recover back an amount of money paid on said contract and to perpetually enjoin a judgment at law recovered against him in an action founded upon said contract. The facts were as follows: William W. Whitehead, as President of the Board of Trustees of the 16th section of school lands, leased certain lands to his brother, Edmund, for the term of ninety-nine years from the 23st day of November, 1836; Edmund assigned his interest in said lands to William, and about the 26th day of June, 1838, William assigned to Jenkins. Under this assignment Jenkins went into possession of the lands; but some time in 1840 he refused to perform his portion of the contract and abandoned-the possession of the land. William sued Jenkins at law upon *585 his contract to pay the consideration for the assignment, and recovered. In this suit at law Jenkins set up, as defences, the statute of frauds and a defect of title. In May, 1842, upon a petition of citizens, the lease of the 16th section aforesaid was rescinded by the probate court of Carroll county, and William surrendered his bond which was assigned him for the deed of lease. After this rescission, the probate judge ordered a sale of the lands aforesaid, and they were purchased by Gary and Hemingway, at a price much less than the amount of the first lease by the President of the Trustees of school lands, and William Whitehead became the purchaser from Gary and Hemingway.
The only equitable ground upon which Jenkins can claim a rescission of the contract is that Whitehead cannot make a perfect title. This is not pretended. Although a period might have existed when Whitehead was divested of title, between the date of his contract wilh Jenkins and the filing of this bill, yet as he has since perfected his title, and was in that attitude at the time of the filing of this bill, the ground of complaint of Jenkins is unfounded. It does not appear that any specified time entered into the contract at which Whitehead should make title to Jenkins. The essence of the contract was, that Whitehead should make Jenkins a perfect title to the lands. There is no pretence that fraud or misrepresentations were practised by Whitehead, and all the circumstances surrounding Whitehead’s original title were known to Jenkins.
Decree affirmed.